## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FINE FURNITURE (SHANGHAI) LIMITED AND DOUBLE F LIMITED, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )      Ct. No. 22-00211 |
| UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Plaintiffs Fine Furniture (Shanghai) Limited and Double F Limited ("Fine Furniture"), by and through their counsel, allege and state as follows:

### I.       PROCEEDING UNDER REVIEW

1.       This action seeks judicial review of certain aspects of the Final Results of the ninth countervailing duty ("CVD") administrative review of Multilayered Wood Flooring ("MLWF") From the People's Republic of China issued by the U.S. Department of Commerce ("Commerce"). See Multilayered Wood Flooring From the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2019, 87 Fed. Reg. 36,305 (Dep't of Commerce June 16, 2022) ("Final Results"), and accompanying Issues and Dec. Mem. ("Final I&D Mem.").

### II.       JURISDICTION AND STANDARD OF REVIEW

2.       Fine Furniture brings this action pursuant to the Tariff Act of 1930, as amended (the "Act"), sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii), 19 U.S.C. § 1516a(a)(2)(A)(i)(I); (a)(2)(B)(iii).

3.       This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and section

516A(a)(2)(A)(i)(II), (a)(2)(B)(i) of the Act, 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I), (a)(2)(B)(iii).

4.      The standard of review, as set forth in section 516A(b)(1)(B)(i) of the Act, 19 U.S.C. § 1516a(b)(1)(B)(i), is whether the determinations, findings or conclusions of Commerce are "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

## III.    STANDING

5.      Fine Furniture is a foreign producer and exporter of the subject merchandise and, thus, qualify as an interested party pursuant to 19 U.S.C. § 1677(9)(A).

6.      Accordingly, Fine Furniture has standing to bring this action pursuant to 28 U.S.C. § 2631(c).

## IV.    TIMELINESS OF THIS ACTION

7.      On June 16, 2022, Commerce published the Final Results in the Federal Register. See Final Results, 87 Fed. Reg. at 36,305.

8.      Fine Furniture commenced this action by filing a summons on July 18, 2022, which was within thirty days of the publication of the Final Results in the Federal Register. See Summons (July 18, 2022), ECF No. 1. This complaint is being filed within thirty days after the date on which Fine Furniture filed its summons.

9.      Thus, Fine Furniture's summons and complaint are timely filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii) and Rule 3(a)(2) of the Rules of the U.S. Court of International Trade.

## V.      STATEMENT OF FACTS

10.     Commerce initiated the CVD investigation of MLWF from China on November 18, 2010, following the filing of the petition on October 21, 2010.  See Multilayered Wood Flooring From the People's Republic of China: Initiation of Countervailing Duty Investigation, 75 Fed. Reg. 70,719 (Dep't of Commerce Nov. 18, 2010).  The U.S. International Trade Commission ("Commission") simultaneously conducted its investigation.  See Multilayered Wood Flooring from China, 75 Fed. Reg. 66,126 (Int'l Trade Comm'n Oct. 27, 2010).

11.     On December 8, 2011, Commerce issued a CVD order on MLWF from China following an affirmative CVD determination and an affirmative injury determination by the Commission.  See Multilayered Wood Flooring from the People's Republic of China: Countervailing Duty Order, 76 Fed. Reg. 76,692 (Dep't of Commerce Dec. 8, 2011).

12.     In December 2021, certain interested parties requested that Commerce conduct an administrative review of the CVD order on MLWF from China.  See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 86 Fed. Reg. 8166 (Dep't of Commerce Feb. 4, 2021).  On February 4, 2021, Commerce initiated the ninth administrative review of the CVD order on MLWF from China covering the period January 1, 2019 through December 31, 2019. See id. at 8173.

13.     On March 19, 2021, Commerce selected two mandatory respondents for the ninth administrative review: (1) Jiangsu Senmao Bamboo and Wood Industry Co., Ltd. ("Jiangsu Senmao") and (2) Riverside Plywood Corp. ("Riverside Plywood").  See Multilayered Wood Flooring From the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review, and Intent to Rescind Review, in Part; 2019, 86 Fed. Reg. 73,244-45 (Dep't of Commerce Dec. 27, 2021) ("Prelim. Results"), and accompanying Dec. Mem ("Prelim.

Dec. Mem."). In its Preliminary Results, Commerce preliminarily found that both mandatory respondents received countervailable benefits during the POR. See Prelim. Dec. Mem. at 6. Commerce calculated a preliminary CVD rate of 22.70 percent for Riverside Plywood, 5.50 percent for Jiangsu Senmao and 15.71 percent for non-selected companies under review, including Fine Furniture. See Prelim. Results, 86 Fed. Reg. at 73,246.

14.     On June 1, 2021, interested parties, including Fine Furniture, submitted case briefs for Commerce's consideration prior to issuing the Final Results. See Final I&D Mem. at 3. In their case brief, Fine Furniture made the following arguments: 1) Commerce improperly applied adverse facts available in its Export Buyer's Credit Program ("EBCP") determination, 2) Commerce erred in including back board purchases in the subsidy rate calculation, 3) Commerce miscalculated the benchmark when determining the benefit for the provision of wood glue and adhesives for less than adequate renumeration ("LTAR") program, 4) Commerce erred in calculating the benchmark for the provision of fiberboard LTAR and paint, primer and stain LTAR programs, and 5) Commerce improperly relied on UN Comtrade data to calculate the benchmark for the provision of plywood for LTAR program. Fine Furniture also joined in arguments made by other respondents.

15.     On March 2, 2022, the mandatory respondents and Fine Furniture submitted timely rebuttal briefs. See id. at 3-4. On March 30, 2022, Commerce held a hearing concerning issues raised in the case briefs. See id. at 4.

16.     On June 16, 2020, Commerce published its Final Results. See Final Results, 87 Fed. Reg. at 36,305. Commerce calculated net countervailable subsidy rates of 12.74 percent for Riverside Plywood, 3.36 percent for Jiangsu Senmao and a review-specific rate applicable to the non-selected companies, including Fine Furniture, of 9.85 percent. See id. at 73,246.

4

17. In the Final Results, Commerce continued to use adverse facts available ("AFA") against the Government of China to determine that the EBCP constitutes a financial contribution. See Final I&D Mem. at Cmt. 1.

18. In addition, Commerce included backboard purchases in the provision of veneers for LTAR program and calculated the face veneer benchmark based on an average of ITTO data and UN Comtrade data and backboard veneer benchmark based on UN Comtrade data. See id. at Cmt. 8.E.

19. Finally, Commerce continued to value the plywood benchmark by taking a weight-average of the ITTO data and UN Comtrade data on the record despite Fine Furniture's arguments that Commerce should rely only on grade C/CC ITTO to value this input. See id. at Cmt. 8.D.

## VI.     STATEMENT OF THE CLAIMS

### COUNT I

20. Fine Furniture herein incorporates by reference paragraphs 1 through 19 supra.

21. Commerce's application of AFA to the Government of China regarding the EBCP program was unsupported by substantial evidence or otherwise not in accordance with law because record evidence established non-use of the program and Commerce had the ability to verify the program.

### COUNT II

22. Fine Furniture herein incorporates by reference paragraphs 1 through 21 supra.

23. Commerce's inclusion of backboard purchases in the provision of veneers for LTAR program was unsupported by substantial evidence or otherwise not in accordance with law because record evidence provided by the mandatory respondents establishes that veneers and backboard have different grades and quality.

## COUNT III

24.    Fine Furniture herein incorporates by reference paragraphs 1 through 23 supra.

25.    Commerce's inclusion of UN Comtrade data in its calculation of the veneer benchmark instead of relying solely on ITTO data was unsupported by substantial evidence or otherwise not in accordance with law because the ITTO data are more specific to the input being valued, i.e., face and back veneer, than are the UN Comtrade data, which do not distinguish between different types of veneer.

## COUNT IV

26.    Fine Furniture herein incorporates by reference paragraphs 1 through 25 supra.

27.    Commerce's decision to average UN Comtrade data and ITTO data in its calculation of the plywood benchmark instead of relying on only C/CC grade prices in the ITTO data was unsupported by substantial evidence or otherwise not in accordance with law because only these data reflect the grade of plywood used by mandatory respondents.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, and as challenged herein, Fine Furniture respectfully pray that this Court:

(1) declare Commerce's actions as described in Counts I through IV were unsupported by substantial evidence or otherwise not in accordance with law;

(2) remand to Commerce with instructions to recalculate all others rate assigned to Fine Furniture in this investigation in accordance with the Court's decision;

(3) order Commerce to publish amended final results in the Federal Register in accordance with a final decision by this Court;

(4) order Commerce to issue amended cash deposit instructions to the U.S. Customs and Border Protection consistent with this Court's decision; and

(5) provide such other relief as this honorable Court deems proper.

Respectfully submitted,

/s/ Kristin H. Mowry
Kristin H. Mowry
Sarah M. Wyss
Yixin "Cleo" Li
Jacob M. Reiskin
**Mowry & Grimson, PLLC**
*Counsel to Fine Furniture (Shanghai) Limited and Double F Limited*

Date: August 17, 2022